O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#32

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order DENYING Defendant's motion for summary judgment**

Pending before the Court is Defendant's motion for summary judgment. The Court finds the matter appropriate for resolution without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.     Introduction

Plaintiff L.A. Printex Industries, Inc. ("Plaintiff" or "LAP") creates two-dimensional graphic designs and textiles, primarily for use in the garment industry. *Nah Decl.* ¶ 2. It brought this copyright infringement action against Defendant Macy's Retail Holdings, Inc. ("Defendant" or "Macy's") alleging that Macy's copied a two-dimensional design incorporating leafs, flowers, and paisleys, for which Plaintiff owns a registered copyright. *See Compl.*, Ex. 1 [Dkt. #1 (Apr. 7, 2011)]. Specifically, LAP claims that a women's shirt sold by Macy's infringes upon its right in this design pattern, which is identified by LAP as Design Number E50107 ("Subject Design"). *Id.,* Ex. 2.

On June 14, 2011, Macy's moved for summary judgment, arguing that LAP's copyright infringement claims fail as a matter of law because LAP fails to meet its evidentiary burden of showing facts supporting both ownership of a valid copyright and infringement of that right. *See* Dkt. # 32 (June 14, 2011).

II.     Factual Background

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | | Date | August 9, 2011 |
|---|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | | |

LAP, as previously noted, is a Los Angeles-based design company that creates or purchases original textile designs. *Nah Decl.* ¶2. On July 17, 2003, LAP purchased the rights to a work of art titled "SAP200776" from Studio 33 S.R.L. ("Studio 33"), an Italian art studio. *Nah Decl.* ¶ 3, Exs. 1,2. It paid Studio 33 by check on or about July 18, 2003. *Shaw Decl.* ¶ 3, Ex. B (*Nah Depo.* 64:18-65:23.) [Dkt. # 32-2 (June 14, 2011)]. LAP claims that, "after it obtained the Subject Design [SAP200776] from Studio 33, [the head of LAP's design team, Jay Nah] instructed other LAP employees to scan the Subject Design into a computer, reduce the size of the scanned image, and make repeats of the scanned image to create a larger design pattern." *Defendant's Statement of Undisputed Facts ("SUF")* ¶ 24 (citing *Shaw Decl.* ¶ 3, Ex. B (*Nah Depo.* 28:16-29:3)) [Dkt. # 32-10 (June 14, 2011)]; *see also Plaintiff's Statement of Genuine Issues ("SGI")* ¶ 24 [Dkt. # 33-8 (July 18, 2011)].

On February 23, 2004, Plaintiff obtained a copyright registration for a work titled "Ethnic Group C" with the U.S. Copyright Office ("Copyright Office") and received the Registration Number VAu 613-596. *Compl.* ¶ 14, Ex. 1; *Shaw Decl.* ¶ 2, Ex. A. The certificate states that "Ethnic Group C" consists of a collection of four designs referred to as E50092, E50081, E50059, and E50107. *Id.* According to the certificate, LAP was the only author, and the work was created in 2003. *Id.* The certificate does not include any statement regarding transfer of ownership, nor any statement regarding any preexisting work that Ethnic Group C was based on or incorporated; in short, it makes no mention that the Subject Design was purchased from Studio 33. *Id.*

Between 2004 and 2007, LAP sampled and sold thousands of yards of fabric bearing the Subject Design to "fabric converters" who, in turn, printed fabric with the Subject Design for garment manufacturers. *Nah Decl.* ¶¶ 5-6. A subsequent investigation conducted by LAP revealed that garments with a fabric design identical or substantially similar to the Subject Design were being sold by Macy's. *Id.* ¶6; Ex. 7. Macy's was unable to identify its source for the goods. *Burroughs Decl.* ¶2.

On April 7, 2010, LAP filed this lawsuit against Macy's, alleging theories of direct and, alternatively, contributory and vicarious copyright infringement. *See Compl.* ¶¶ 22-23. Specifically, the Complaint asserts that:

> Plaintiff developed original artwork which was assigned internal design number E-50107 ("Subject Design"). Plaintiff applied for and received

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|----------|----------------------|------|----------------|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

> a copyright registration for the Subject Design. The Subject Design
> contains materials wholly original with Plaintiff and is copyrightable
> subject matter under the laws of the United States.

*Compl.* ¶ 13.  It goes on to allege that Macy's "infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Design, and/or by producing and distributing garments incorporating those derivative works without Plaintiff's permission." *Id.* ¶ 16.

On July 16, 2010, LAP applied for a supplementary registration, which purported to remove the E50092, E50081, E50059 designs from the Registration on the grounds that they "may have been published prior to registration." *Shaw Decl.* ¶ 5, Ex. D.  A handwritten note on the supplemental certificate states that "the E50107 design was unpublished." *Id.*  The Supplementary Registration certificate also "amplifies" information in the basic registration, indicating that the other three designs which comprised "Ethnic Work C" had previously been published.  *Id.*  This, according to LAP, amended "the registration for the Subject Design… to reflect coverage for only the Subject Design." *Opp'n* 1:20-21.

On June 14, 2011, Macy's moved for summary judgment on Plaintiff's direct copyright infringement claim.  *See* Dkt. # 32 (June 14, 2011).

III.    Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted) .

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Such an issue of fact is a genuine and material issue if it cannot be

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

reasonably resolved in favor of either party and may affect the outcome of the suit.  *See Anderson*, 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue.  *See* Fed. R. Civ. P. 56(e).

IV.    Discussion

To prevail on its copyright infringement claim, LAP must show (1) ownership in a valid copyright for the textile design referred to as E50107, and (2) that Macy's infringed upon its copyright.[1]  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1143 (9th Cir. 2003); *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th Cir. 2002) (internal citations omitted). Here, Macy's contends it is entitled to summary judgment because LAP fails to present evidence creating a triable issue of fact as to either element of its claim.  The Court will address each element in turn below.

A.    Ownership

"Ownership of the copyright is ... always a threshold question."  *Topolos v. Caldewey,* 698 F.2d 991, 994 (9th Cir. 1983).  The ownership element of a copyright "breaks down into the following constituent parts: (1) authorship, and (2) copyrightability of the subject matter." *Classic Concepts, Inc. v. Linen Source, Inc.*, Nos. CV 04-8088 GPS, CV 04-8457 GPS, 2006 WL 4756377, at *1 (C.D. Cal. Apr. 27, 2006) (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.01[A] (2005)).

A copyright registration is "*prima facie* evidence of the validity of the copyright and the facts stated in the certificate" if the work is registered before or within five years of when it is first published.  17 U.S.C. § 410(c); *see also Entm't Research Group, Inc. v. Genesis Creative*

---

[1] Although LAP asserts contributory and vicarious infringement claims as an alternative to its predominant theory of direct copyright infringement, *see Compl.* ¶¶ 22,23, the sufficiency of the evidence with respect to these alternative theories of liability is not before the Court on summary judgment.  The analysis in this Order, accordingly, is limited to Plaintiff's claim for direct copyright infringement.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#32

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

*Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). A certificate of copyright registration, in other words, "shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Id.* "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003) (internal quotation and citation omitted); *United Fabrics Intern., Inc. v. C&J Wear*, Inc., 630 F.3d 1255 (9th Cir. 2011). A defendant may rebut the presumption of validity by showing evidence that the certificate of registration contains inaccurate information that: (1) was included with knowledge that it was inaccurate; and (2) would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(1). Accordingly, "[a] party seeking to establish such fraud, and thereby rebut the presumption of copyright validity [ ] bears a heavy burden." *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc.*, No. CV 07-7658, 2009 WL 305526, at *2 (C.D. Cal. Feb. 6, 2009).

Macy's does not dispute that the registration certificates in the record entitle LAP to a statutory presumption of ownership of a valid copyright. *Mot.* 5:5-6:5. It argues, however, that LAP nonetheless cannot satisfy the ownership element of its copyright infringement claim because (1) the presumption of validity afforded by the registration certificates is rebutted by several false statements in the certificate of registration for the work, and (2) that LAP has failed to proffer any other admissible evidence of originality or ownership. As to the first component of this argument, Macy's identifies several errors in the registration forms that it claims vitiate the presumption of validity for the copyright at issue. *Mot.* 6:8-13:18. In essence, it points out that, although it is undisputed that LAP used a design purchased from Studio 33, LAP failed to disclose the existence of other authors on the registration certificate, did not give any information as to whether these authors drew from preexisting works, and did not show how it obtained ownership of any exclusive rights.

While the Court acknowledges that such LAP erred in omitting this information from its registration certificate, it nonetheless finds Macy's position incongruent with "courts' liberal approach to erroneous registrations." 2 M. Nimmer & D. Nimmer, Copyright § 7.20[B][1] (2010). The law of this Circuit is clear that "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Jules Jordan Video, Inc. v. 144942 Canada*, Inc., 617 F.3d 1146, 1156 (9th Cir. 2010) (citation and quotes omitted) (holding the plaintiff's "mistake in listing himself as the author" on the copyright registration forms "[did] not constitute a basis to invalidate the copyright"); *Lamps Plus*, 345 F.3d at 1145 (plaintiff's failure to identify

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

designers or source of components in its copyright application did not render resulting copyright registration invalid absent showing that such failure was made with intent to defraud Copyright Office); *see generally* 2 M. Nimmer & D. Nimmer, Copyright § 7.20[B][1] (2010) (noting that "cases have forgiven even serious mistakes on the registration certificate, such as an erroneous statement as to the identity of the author or of the copyright claimaint[.]").

Macy's emphasizes that it is not "seeking to invalidate the registration and obtain summary judgment under Section 411(a) of the Copyright Act[,]"[2] *Reply* 1:22-24, but rather is merely arguing that the inaccuracies in the registration certificate effectively rebut the presumption of validity created by the copyright registration. This argument, however, is a non-starter. Macy's fails to identify any Ninth Circuit decision holding that inadvertent errors on a registration certificate effectively rebut the presumption of validity and shift the burden back to the plaintiff to prove ownership through other evidence. Nor does Macy's offer any authority suggesting that had the Copyright Office known of LAP's errors, a Certificate of Registration would never have been issued.

Moreover, although Macy's contends otherwise, the Ninth Circuit's recent decision in *United Fabrics Intern., Inc. v. C&J Wear*, Inc., 630 F.3d 1255 (9th Cir. 2011), is at odds with its position. Similar to this case, the plaintiff in *United Fabrics* purchased a fabric design from an Italian design house, modified it, and registered it as part of a collection. *Id.* at 1256. The district court held on summary judgment that the plaintiff failed to establish the requisite element of ownership of a valid copyright, finding *inter alia*, that the evidence of transfer from the Italian design house to the plaintiff was insufficient to establish ownership. *Id.* On appeal, the Ninth Circuit reversed. It explained that "to rebut the presumption of validity of copyright created by copyright registration, an infringement defendant must simply offer some evidence or proof to dispute or deny plaintiff's prima facie case of infringement. *Id.* at 1257 (citing 17 U.S.C. § 410(c)). Rejecting the defendant's argument that the plaintiff failed to establish the chain of title to the underlying artwork and thus failed to show a valid copyright, the court reasoned that "nowhere does [the defendant (Macy's)] set forth *facts* that rebut the presumption of validity to which United's copyright is entitled." *Id.* at 1257 (emphasis added). It went on:

---

[2] *But see Defendant's Memorandum of Contentions of Fact and Law* 4:24-26 ("Defendant will introduce evidence that Plaintiff failed to register its work in accordance with the requirements of the Copyright Act and, therefore, has not satisfied the pre-litigation registration requirement of 17 U.S.C. § 411(a).") [Dkt. # 36 (Aug. 1, 2011)].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

> United did not have to produce any evidence. As the copyright
> claimant, United is presumed to own a valid copyright, 17 U.S.C. §
> 410(c), and the facts stated therein, including the chain of title in the
> source artwork, are entitled to the presumption of truth.

*Id.* Macy's correctly notes that the court in *United Fabrics* did not reach the question of whether the plaintiff, in fact, owned a valid copyright. *Id.* at 1258. Nonetheless, here, the Court finds that Macy's has not satisfied the evidentiary burden identified in *United Fabrics*, and set forth *facts* sufficient to rebut the presumption of validity and shift the burden back to LAP to produce other admissible evidence of ownership. *See Lamps Plus,* 345 F.3d at 1145; *see also Jedson Eng'g, Inc. v. Spirit Constr. Servs.*, 720 F. Supp. 2d 904, 914 (S.D. Ohio 2010) ("Defendants have done little to show any inaccuracies regarding originality or authorship which were willful or deliberate.").

Additionally, to the extent that Macy's argues that LAP's copyright is invalid because its application did not correctly identify the design as a collective or derivative work, *Mot.* 8:8-10:14, this argument is expressly foreclosed by *United Fabrics. See United Fabrics Intern., Inc*, 630 F.3d at 1259 ("Macy's argues that United's copyright is invalid because it submitted a copyright application that did not list the Design as a derivative work. This argument cannot be accepted because, in the absence of fraud on the Copyright Office, such errors are not cause for invalidation.").

In sum, because the Court finds that Macy's has not proffered any evidence showing that LAP intended to defraud the Copyright Office or that Macy's relied on LAP's misstatements to its detriment, it holds that Macy's fails to rebut the presumptive validity of the copyright over the Subject Design. *See L.A. Printex Industries, Inc. v. Sears Holding Corporation, Inc*., CV-10-2099 SJO (AJWx), Dkt. # 91 (Feb. 18, 2011) (rejecting the defendant's argument that the same registration certificate for the E50107 design at issue here was invalid). Macy's, accordingly, is not entitled to summary judgment on grounds that LAP failed to establish the first element of its copyright infringement claim.[3]

B.    Copying

---

[3] Because the Court finds that Macy's failed to rebut the presumption of validity, it does not reach the issues regarding originality and chain-of-title presented in Macy's motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

To prove infringement, a plaintiff must advance direct evidence of copying, or circumstantial evidence "through a combination of access to the copyrighted work and substantial similarity between the copyrighted work and the accused product." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Because direct evidence usually is absent, infringement often turns on showing access and that the two works are substantially similar. *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). Proof of access requires "an opportunity to view or to copy plaintiff's work." *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977). Where, as here, evidence of access is lacking, a "striking similarity" between the works may give rise to a permissible inference of copying.[4] *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987); *Three Boys Music*, 212 F.3d at 485 ("in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'") (internal citations omitted).

Here, a side-by-side comparison of the Subject Design and the design on the allegedly infringing garment reveal strong similarities with respect to the shape and placement of floral, leaves, and paisley designs. While minor differences may exist, the Court simply cannot conclude at this juncture that the Subject Design and the design on the allegedly infringing garment are not strikingly similar as a matter of law. A reasonable jury could find otherwise. Accordingly, because reasonable minds could reach different conclusions as to whether the two designs are strikingly similar, summary judgment is not warranted on this basis. *See L.A. Printex Industries, Inc. v. Sears Holding Corporation, Inc.*, CV-10-2099 SJO (AJWx) Dkt. # 91 (Feb. 18, 2011); *cf. Shaw*, 919 F.2d at 1355 ("Summary judgment is not highly favored on questions of substantial similarity in copyright cases.") (internal citation omitted).

---

[4] To some extent, LAP concedes that the record lacks evidence of access. *See Opp'n* 20:11-21:13. However, it points out that Macy's had exclusive access to the evidence that would prove this element, and Macy's failed to identify the source for the allegedly infringing garments. *Burroughs Decl.* ¶ 2. Although the Court agrees with LAP that fairness concerns militate against granting summary judgment in Macy's favor on this basis alone, application of the "striking similarity" test effectively renders this a non-issue. *See Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1098 n.18 (C.D. Cal. 2005) (noting several Ninth Circuit cases that employ broad language that "could be interpreted to mean that it is proper to find access solely on the basis of striking similarity") ("Although the Ninth Circuit has not squarely addressed the question, a majority of courts that recognize the 'striking similarity' doctrine hold that it is a *means of proving access*, not that it obviates the need to prove access.") (emphasis added).

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#32**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2515 PSG (JEMx) | Date | August 9, 2011 |
|----------|------------------------|------|----------------|
| Title | L.A. Printex Industries, Inc. v. Macy's Retail Holdings, Inc. | | |

V.      <u>Conclusion</u>

Thus, based on the foregoing, the Court DENIES Macy's motion for summary judgment.

**IT IS SO ORDERED.**